## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAWAHNA ARMSTRONG**, individually and on behalf of all others similarly situated, | ) ) ) Case No. |
| Plaintiff, | ) **COLLECTIVE AND CLASS** |
| vs. | ) **ACTION** |
| **AVENTURA HEALTH GROUP LLC**, | ) **JURY DEMAND** |
| – and – | ) |
| **AVENTURA AT WEST PARK LLC**, | ) |
| Defendants. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Named Plaintiff Tawahna Armstrong ("Named Plaintiff"), on behalf of herself and others similarly situated, for her collective and class action Complaint against Defendants Aventura Health Group LLC ("Defendant Aventura Health Group") and Aventura at West Park LLC ("Defendant Aventura West Park") (collective, "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, and Ohio's Prompt Pay Act, O.R.C. §4113.15 ("OPPA").

2. Named Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

3.    Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and OPPA on behalf of herself and on behalf of other similarly situated employees employed by Defendants in Ohio.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants are domiciled in this District and Division.

6.    This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A.  Named Plaintiff

7.    Named Plaintiff Tawahna is an adult individual residing in White Oak, Ohio. Named Plaintiff's written Consent to Joint this Action is attached hereto as **Exhibit A.**

8.    Named Plaintiff has been employed by Defendants since approximately January 2, 2025, as an hourly, non-exempt healthcare employee. Specifically, Named Plaintiff was employed by Defendants as an hourly Licensed Practical Nurse ("LPN") at Defendants' location in Cincinnati, Ohio.

9.    At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA and Ohio law.

10.     At all relevant times, Named Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendants**

11.     Defendant Aventura Health Group is a for-profit Pennsylvania limited liability company with its headquarters at 1130 West Chester Pike, West Chester, PA 19382. Defendant Aventura Health Group can be served through its registered statutory agent: Corporation Service Company, 5235 North Front Street, Harrisburg, PA 17110.

12.     Defendant Aventura West Park is a for-profit Ohio limited liability company with its headquarters at 2950 West Park Drive, Cincinnati, OH 45238. Defendant Aventura West Park can be served through its registered statutory agent: Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, OH 43215.

13.     Defendants, individually and jointly, constituted employers within the meaning of the FLSA and Ohio law.

14.     Defendants, individually and jointly, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that they, individually and jointly, have employees engaged in commerce or in the production of goods for commerce.

15.     Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

**A. Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.**

16.     Defendants are in the healthcare business.

17.    Defendants jointly employ and/or employed Named Plaintiff and others similarly situated in their business.

18.    Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

19.    At all relevant times, Defendants were, individually and jointly, employers of Named Plaintiffs and other similarly situated employees within the meaning of the FLSA and Ohio law.

20.    Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

21.    At all relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

22.    At all relevant times, Defendants jointly hired and fired employees, supervised and controlled the work schedules and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

23.    Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees across all locations, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

24.    The work performed by Named Plaintiffs and similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests.

**B. Defendants failed to pay Named Plaintiff and those similarly situated for all time worked during unpaid meal breaks.**

25. During all relevant times, Defendants had a policy and practice of deducting, or causing to be deducted, 30-minute unpaid meal breaks from employees' time work, including from Named Plaintiff and others similarly situated.

26. Named Plaintiff and others similarly situated often worked through the entire meal break, or were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

27. Despite the missed or interrupted meal breaks, Defendants continued to deduct, or cause to be deducted, 30 minutes from Named Plaintiff's and other similarly situated employees' time worked, and this time was not counted towards their weekly total hours.

28. Defendants failed to accurately record and compensate Named Plaintiff and those similarly situated for all time worked, including time worked during missed and/or interrupted unpaid meal breaks.

29. Named Plaintiff and others similarly situated worked 40 or more hours in one or more workweek(s) for Defendants. Therefore, Defendants failed to pay Named Plaintiff and similarly situated employees for all wages they actually earned, including overtime pay.

30. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Named Plaintiff and similarly situated employees for all wages that they actually earned, including overtime pay.

31. At all relevant times, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and Ohio law.

**C. Defendants failed to pay Named Plaintiff and those similarly situated all overtime compensation earned because Defendants failed to properly calculate the regular rate of pay.**

32.    Defendants employ hourly workers to provide various healthcare services.

33.    Named Plaintiff and other similarly situated employees were hourly healthcare employees who worked for Defendants within the last three years. At no time was Named Plaintiff or other similarly situated employees paid on a salary basis.

34.    Named Plaintiff was paid approximately $31.00 per hour. Named Plaintiff was also provided non-discretionary compensation, including but not limited to, weekly attendance bonuses ("Attendance Bonus").

35.    Defendants failed to include Named Plaintiff's non-discretionary compensation, including her Attendance Bonuses, when calculating Named Plaintiff's overtime rate.

36.    Failing to include non-discretionary compensation, including weekly Attendance Bonuses, when calculating the regular rate for overtime payment purposes is a companywide practice and policy affecting all hourly employees who receive such non-discretionary compensation.

37.    Because this additional, non-discretionary pay was not included in their regular rates of pay, Defendants violated the FLSA and Ohio law by not paying Named Plaintiff and others similarly situated all overtime wages earned at the properly calculated premium rate of pay in a timely manner.

38.    Such violations were particularly willful because the underpayment of overtime was apparent on every paystub in which the overtime pay was due.

**Defendant's Recordkeeping Violations**

39.    The FLSA and state law, including Ohio law, require Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c);

6

29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

40.    For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

41.    Defendants kept records of some hours worked or otherwise had the ability to accurately track hours worked and accurate overtime earned and owed through Defendants' hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

42.    However, because of Defendants' policy of not compensating employees for time worked during missed and/or interrupted unpaid meal breaks and Defendants' policy of not including weekly Attendance Bonuses and other forms of non-discretionary pay when calculating employees' regular rate of pay for overtime purposes, Defendants failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees and further failed to calculate Named Plaintiff and other similarly situated employees' regular rate of pay for overtime purposes.

43.    Defendants willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which excluded compensable work time and wrongly calculated regular rates of pay. Defendants' failure to correctly classify time worked during missed and/or interrupted meal breaks and Defendants' failure to properly calculate regular rates of pay had

7

the direct effect of reducing Defendants' labor costs to the detriment of Named Plaintiff and other similarly situated employees.

44. Defendants willfully and intentionally did not correctly record and pay all hours worked at the appropriate rate in violation of the FLSA and violated the FLSA's recordkeeping requirements.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

45. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

46. The FLSA Collective members who are "similarly situated" to Named Plaintiff for which Named Plaintiff seeks to represent and for which Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff herself is a member, is composed of and defined as follows:

> **All current and former hourly employees of Defendants, including temporary employees as applicable, who were subject to Defendants' 30-minute meal break deduction policy and who worked 40 or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter (the "Meal Break Collective").**

> – and –

> **All current and former hourly employees of Defendants, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from three (3) years preceding the filing of this Complaint through final disposition of this matter (the "RROP Collective").**

47. The Meal Break Collective and the RROP Collective will be collectively referred to as "FLSA Collective Members".

8

48.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

49.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendants' unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rate for all hours that exceeded forty (40) in the workweek. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

50.     The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS

51.     Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio, which is defined as:

> **All current and former hourly employees of Defendants in Ohio, including temporary employees as applicable, who were subject to Defendants' 30-minute meal break deduction policy and who worked 40 or more hours during any workweek at any time from two (2) years preceding the filing of this Complaint through the final disposition of this matter (the "Ohio Meal Break Class").**

> – and –

9

**All current and former hourly employees of Defendants in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from two (3) years preceding the filing of this Complaint through final disposition of this matter (the "Ohio RROP Class").**

52.    The Ohio Meal Break Class and the Ohio RROP Class will be collectively referred to as the "Ohio Classes."

53.    The Ohio Classes are so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed forty (40) individuals per class. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

54.    There are questions of law or fact common to the Ohio Classes including whether Defendants failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendants' failure to compensate Named Plaintiff and other similarly situated employees' for time spent working during missed/interrupted meal breaks and Defendants' failure to in include Named Plaintiff's and other similarly situated employees' non-discretionary compensation when calculating their regular rates of pay.

55.    The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Classes, listed above, are common to the classes as a whole, and predominate over any questions affecting only individual class members.

56.     Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other members of the Ohio Classes.

57.     Named Plaintiff and the members of the Ohio Classes have all been injured in that they have not been timely compensated due to Defendants' common policy, and practice, and willful conduct. Defendants' corporate wide policies and practices affected the Ohio Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Ohio Class.

58.     Named Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other members of the Ohio Classes.

59.     Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

60.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the members of the Ohio Classes to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

11

## COUNT ONE
### (FLSA Overtime Violations)

61.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62.    Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

63.    The FLSA requires that Defendants' hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

64.    Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay when they worked more than forty (40) hours in a workweek.

65.    As hourly non-exempt employees, Named Plaintiff and the Meal Break Collective members were not paid for all time worked because Defendants deducted a 30-minute meal period even though Named Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

66.    As hourly non-exempt employees, Named Plaintiff and the RROP Collective members were not paid all overtime earned because Defendants failed to include non-discretionary compensation, including but not limited to weekly Attendance Bonuses, into their regular rates of pay when calculating overtime.

67.    At all relevant times, Named Plaintiff and other similarly situated employees regularly worked forty (40) or more hours per workweek for Defendants.

68.     Named Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

69.     Defendants' practice and policy of deducting a 30-minute meal period even though Named Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties, and Defendants' practice and policy of failing to include the non-discretionary compensation noted above into Named Plaintiff and other similarly situated employees' regular rates of pay when calculating overtime resulted in Defendants' failure to pay Named Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.23.

70.     At all relevant times, Defendants knew they were required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

71.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

72.     The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

73.     As a result of Defendants' violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them

pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
### (Ohio Class – Overtime Violations)

74.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75.    Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of herself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

76.    Named Plaintiff and the members of the Ohio Meal Break Class were not paid for all time worked because Defendants deducted 30-minute meal periods even though Named Plaintiff and the Ohio Meal Break Class members worked through the meal periods or were otherwise interrupted by work duties.

77.    Named Plaintiff and the Ohio RROP Class members were not paid all overtime earned because Defendants failed to include non-discretionary compensation, including but not limited to weekly Attendance Bonuses, into their regular rates of pay when calculating overtime.

78.    At all relevant times, Named Plaintiff and the members of the Ohio Classes regularly worked forty (40) or more hours per workweek for Defendants.

79.    Defendants' practice and policy of deducting a 30-minute meal period even though Named Plaintiff and the members of the Ohio Classes worked through the meal periods or were otherwise interrupted by work duties, and Defendants' practice and policy of failing to include the non-discretionary compensation noted above into Named Plaintiff and the class members' regular rates of pay when calculating overtime resulted in Defendants' failure to pay Named Plaintiff and

14

the members of the Ohio Classes overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek.

80. Named Plaintiff and the members of the Ohio Classes were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of forty (40) in a workweek, resulting in overtime violations of Ohio law.

81. Defendants failed to pay Named Plaintiff and the members of the Ohio Classes the required overtime compensation.

82. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the members of the Ohio Classes all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

83. Defendants' practice and policy of not paying Named Plaintiff and the members of the Ohio Classes for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) hours per workweek is a violation of the OMFWSA.

84. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

85. As a result of Defendants' violations of the OMFWSA, Named Plaintiff and the members of the Ohio Classes were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

15

## COUNT THREE
### (Ohio Class – Prompt Pay Claim)

86.   Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

87.   Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

88.   Named Plaintiff brings this claim for violation of Ohio's Prompt Pay Act, on behalf of herself and all members of the Ohio Classes.

89.   Here, Defendants failed to pay Named Plaintiff and those similarly situated for all overtime compensation at a rate of one and one-half times their properly calculated regular rates of pay within the time periods required by the OPPA. This resulted in Named Plaintiff and others similarly situated not receiving all wages that they earned and were entitled to receive under state and federal law.

90.   There is no dispute that Named Plaintiff and those similarly situated are required to be paid all work time, including regular wages and overtime, under Ohio law.

91.   Named Plaintiff and the members of the Ohio Classes were not timely paid all wages earned because Defendants deducted a 30-minute meal period even though Named Plaintiff and the members of the Ohio Classes worked through the meal periods or were otherwise interrupted by work duties and because Defendants failed to include the non-discretionary compensation, including but not limited to weekly Attendance Bonuses, into Named Plaintiff and the class members' regular rates of pay when calculating overtime.

92.     The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

93.     Defendants' failure to pay all wages due under Ohio's Prompt Pay Act to Named Plaintiff and the members of the Ohio Classes entitles them to the unpaid wages, plus "an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Named Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A.     Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the members of the Ohio Classes;

C.     Enter judgment against Defendants, jointly and severally, and in favor of Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes;

D.     Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes actual damages for unpaid wages;

E.     Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

F.     Award Named Plaintiff and the members of the Ohio Classes, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars ($200), whichever is greater;

G.     Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

17

H.      Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I.      Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes any such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: March 23, 2026                                    Respectfully submitted,

**BERGER MONTAGUE PC**

*s/ Camille Fundora Rodriguez*
Camille Fundora Rodriguez (PA Bar 312533)
Olivia Lanctot (PA Bar 333418)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620
Email: crodriguez@bergermontague.com
           olanctot@bergermontague.com

*Local and Trial Attorneys*

**NILGES LEGAL GROUP LLC**

Hans A. Nilges (OH 0076017)*
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (OH 0086195)*
Nicholas A. Boggs (0102430)*
700 W. St. Clair Ave., Suite 320
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
           nboggs@ohlaborlaw.com

*Attorneys for Plaintiffs*

*\*pro hac vice forthcoming*